Freedman, J.
The action was brought by the plaintiff, a real estate broker, upon a special contract for the sale of four houses and lots formerly belonging to the defendant, under which plaintiff was to receive one-third of all the defendant should realize from such sale over and above $44,000. The answer put in issue every material allega *697 tian of the complaint. At the trial both parties introduced evidence, and the issues were submitted to the jury, who found for the defendant. The exceptions taken by the plaintiff to the allowance of certain questions addressed to the plaintiff on cross-examination are clearly untenable. They were not asked 10 establish payment, which was not pleaded, but to show that, even if the defendant did make a payment, as the plaintiff claimed, it was not made on account of the contract set forth in the complaint, but for another and entirely different purpose, and that, as made, it tended to confirm the theory of the defense. This was competent under the pleadings.
The cross-examination of the plaintiff upon the point, whether as a broker, he knew that it would have been wrong to take a certain sum of $1,000 was proper, whether he is to be treated as a broker or as an agent. He predicated his claim to an extraordinarily large compensation upon the assertion that he could have secretly reserved and appropriated to himself $1,000, and that at first he intended to retain said sum, but that he apprised the defendant thereof, because he thought he would fare pecuniarily better by doing so, and that he thus induced the defendant to make the special agreement upon which the action was brought. .Under these circumstances the plaintiff’s conduct and intentions with respect to said sum, and his appreciation of the obligations vesting him, whether he considered himself as defendant’s agent or broker, were legitimate subjects of inquiry, as affecting his credibility.
The ruling of the court holding the defendant privileged from answering, on cross-examination, the question whether a certain question put by his counsel to the plaintiff had been put by his instruction, was, under the circumstances, so harmless and immaterial that it is not worth while to determine, with precision, whether the privilege extended to both counsel and client, or only to the counsel.
The exception to the refusal of the court to charge that on the one house sold the plaintiff was entitled to one-third of the amount realized in excess of $11,000, is not well taken.
The contract respecting the sale of the four houses was an indivisible one, and, moreover, the defendant had testified that it was part of the agreement that if the plaintiff did not sell them all he should get only the usual commission on what he did sell. Upon the whole case, it cannot be held that the verdict, as rendered, is against the weight of the evidence, and no reason appears why it should be disturbed. The alleged newly-discovered evidence is not sufficient to justify the conclusion that the testimony given upon the trial by the defendant and the witness G-lass was untrue, or that the motive testified to by the defendant did not exist. It, therefore, cannot be held that it is of a char *698 acter that would probably produce a different verdict if a new trial were had. Moreover, the plaintiff, with due diligence, could have procured it before the close of the trial.
The judgment and the two orders appealed from should be affirmed, with costs.
O’Gorman, J., concurs.